William F. Macreery, Esq.
Attorney for the Trustee
7 Granite Springs Road
Granite Springs, New York 10527
Telephone: (914) 248-0531
Facsimile: (914) 248-0529

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
|     STEPHANIE N. ALLEN, | Case No. 15-22517 (RDD) |
|                    Debtor. | |

-----------------------------------------------------------x

MARIANNE T. O'TOOLE, as Trustee of the
Estate of Stephanie N. Allen, Debtor,

                                Plaintiff,                    Adversary Proceeding No. 16-

    -against-

RICHARD ALLEN,                                    **COMPLAINT**

                                Defendant.
-----------------------------------------------------------x

       Marianne T. O'Toole, as Chapter 7 trustee (the "Trustee" or the "Plaintiff") of the estate of Stephanie N. Allen, the debtor herein (the "Debtor"), by her attorney William F. Macreery, Esq., as and for her complaint against Richard Allen to avoid and preserve preferential transfers for the benefit of the estate, respectfully alleges as follows:

## PARTIES

      1.    The Plaintiff is the Chapter 7 Trustee of the Debtor in the above captioned case.

2.  Upon information and belief, the defendant Richard Allen (the "Defendant" or "Mr. Allen") is an individual residing at 223 Egremont Plain Road, Egremont, Massachusetts 01230.

3.  Upon information and belief, at all material times mentioned in this complaint, Mr. Allen was, and still is, an "insider" of the Debtor as that term is defined in Section 101(31) of Title 11 of the United States Code (the "Bankruptcy Code"), because he is the father-in-law of the Debtor.

## JURISDICTION AND VENUE

4.  On April 17, 2015 (the "Filing Date"), the Debtor filed a voluntary petition with this Court seeking relief under Chapter 7 of the Bankruptcy Code, commencing the above captioned case (the "Bankruptcy Case").

5.  Marianne T. O'Toole was appointed as the interim trustee, and became the permanent Chapter 7 Trustee at the first meeting of creditors held in the Bankruptcy Case. The Trustee duly qualified and is currently acting in that capacity herein.

6.  One of the assets of the Debtor's estate consists of a single family residence located at 10 Nichols Drive, Hastings-on-Hudson, New York (the Nichols Drive Property.

7.  The Trustee has brought this adversary proceeding seeking an order and judgment pursuant to Sections 105, 541, 547, 550 and 551 of the Bankruptcy Code, applicable non-bankruptcy law, and Rules 7001(1) and 7001(2) of the Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

> (a) avoiding as a preferential transfer the creation of a judgment lien on the Nichols Drive Property that the Defendant obtained within one year of the commencement of the Bankruptcy Case; and

(b) granting the Trustee the costs and disbursements of this adversary proceeding; and

(c) granting the Trustee such other and further relief as the Court may deem just and proper.

8. Jurisdiction of this Court over the instant adversary proceeding, which arises under the Bankruptcy Code in the Bankruptcy Case presently pending before this Court, is conferred by 28 U.S.C. §§ 151, 157(a), 157(b)(1) and 1334, as enacted and amended by the Bankruptcy Amendments and Federal Judgeship Act, as amended, and the *Amended Standing Order of Reference of Bankruptcy Cases to Bankruptcy Judges in the Southern District of New York* dated January 31, 2012 (Preska, C.J.).

9. The claims for relief set forth in this complaint are "core proceedings" pursuant to 28 U.S.C. §§ 157(b)(2)(F). Consent is hereby given to the entry of a final judgment or a final order by the Bankruptcy Judge to whom this matter is assigned.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## CLAIMS FOR RELIEF

11. Upon information and belief, on or about June 1, 2010, the Defendant, Richard Allen, loaned the Debtor and her husband, Brian Allen, the sum of $460,000.00.

12. Upon information and belief, in consideration for such loan, Brian Allen and the Debtor executed and delivered a promissory note dated June 1, 2010 made payable to the order of the Defendant in the amount of $460,000.00 (the "Promissory Note "), to be repaid in accordance with the terms thereof.

13. Upon information and belief, the Debtor and Brian Allen thereafter defaulted under the terms of the Promissory Note, and Richard Allen commenced an action against the Debtor and Brian Allen in the Supreme Court of the State of New

York, County of Westchester bearing index number 62606/2014 (the "State Court Action") seeking to recover all sums owed on the Promissory Note.

14. On October 9, 2014, a judgment was entered and docketed in the State Court Action (the "Judgment") in favor of the Richard Allen and against the Debtor and Brian Allen in the amount of $473,704.02.

15. Upon information and belief, the docketing of the Judgment created a lien (the "Judgment Lien") upon all real property located in Westchester County in which the Debtor and Brian Allen had any interest, including the Nichols Drive Property.

16. Upon information and belief, the above mentioned Judgment and Judgment Lien created by the same constitute transfers as defined in Section 101(54) of the Bankruptcy Code.

17. Such transfers were made within one year of the Filing Date.

18. Upon information and belief, the Debtor was insolvent at the time of the Judgment and creation of the Judgment Lien, or was rendered insolvent as a result thereof, and remained continuously insolvent at all times thereafter.

19. Upon information and belief, the transfer caused by the Judgment Lien on account of the antecedent indebtedness under the loan and Promissory Note enabled the Defendant to receive more than said Defendant would receive in this Chapter 7 Bankruptcy Case if such transfer had not been made.

20. Upon information and belief, by reason of the foregoing, the Judgment Lien on the Nichols Drive Property in favor of the Defendant should be avoided pursuant to Section 547 of the Bankruptcy Code, and should be preserved and recovered by the Trustee under Sections 550 and 551 of the Bankruptcy Code.

**WHEREFORE,** the Trustee respectfully requests entry of an order and judgment in her favor against the Defendant avoiding the Judgment Lien, together with the costs and disbursements of this action, and granting the Trustee such other and further relief as the Court deems just and proper.

Dated: Granite Springs, New York
       February 22, 2016

                                __/s/ William F. Macreery_____
                                WILLIAM F. MACREERY, ESQ.
                                Attorney for the Plaintiff-Trustee
                                7 Granite Springs Road
                                Granite Springs, New York 10527
                                Telephone: (914) 248-0531
                                Facsimile: (914) 248-0529