<div style="text-align:center">

**Kathleen G. Cully PLLC**
180 Cabrini Boulevard, #128
New York, New York 10033-1167
(212) 447-9882
kgcully@kgcully.com

</div>

June 1, 2016

The Hon. Robert D. Drain
Judge, United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   In re Stephanie N. Allen, Case No. 15-22517-RDD
      Marianne O'Toole, Trustee, v. Richard Allen, Adv. No. 16-8208

Dear Judge Drain,

  I represent Stephanie Allen, the debtor in this case. While she is not a party to the adversary proceeding between the Trustee and Richard Allen, she has a stake in the result: if the Trustee prevails, Mr. Allen's judgment lien on her residence will be transferred to her bankruptcy estate. If that happens, she believes that she will probably be able to reach a settlement with the Trustee that would resolve the issue of her homestead exemption as well as enabling the sale of her residence. Mr. Allen, on the other hand, has consistently refused to consider settlement, both before Ms. Allen's bankruptcy and before and after his Rule 2004 examination.

  Contrary to his assertion, Ms. Allen's homestead exemption is not a threshold issue. Simple arithmetic shows that the non-contingent claims, costs of sale (including property taxes) and the Trustee's commission total more than the $700,000 appraised value of the residence, disregarding the exemption. Yet even if her exemption were determined to be ineffective against Mr. Allen's judgment lien it would not be void; instead, it would remain effective against all other creditors. And, while Mr. Allen's lien would be avoided if Ms. Allen prevails, she would still have to bear the expense of litigating the issue.

  For these reasons, Ms. Allen respectfully asks you to allow the Trustee to submit a motion for summary judgment in the adversary proceeding.

<div style="margin-left:50%">

Sincerely,

 /s/ Kathleen G. Cully
Kathleen G. Cully
Attorney for Debtor

</div>